# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

FELIX DIAZ FLORES,                          )
                                            )
                 Petitioner,                )
                                            )
-vs-                                        )        NO. CIV-26-1018-HE
                                            )
FRED FIGUEROA, Warden,                      )
Diamondback Correctional Facility, in       )
his official capacity, et al.,              )
                                            )
                 Respondents.               )

## **ORDER**

Petitioner Felix Diaz Flores seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).

According to the habeas petition and record, petitioner is a native and citizen of Nicaragua who entered the United States at or near El Paso, Texas, on or about January 4, 2023. Petitioner was placed into removal proceedings through service of a Notice to Appear, charging petitioner as subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(6)(A)(i), as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. The petition indicates petitioner was released on parole under section 212(d)(5(A) of the INA, codified at 8 U.S.C. § 1182(d)(5)(A), for one year. The petition and record indicate petitioner applied for asylum. The petition and record indicate that petitioner was taken

into custody by ICE pursuant to a warrant for arrest of alien when he appeared for a scheduled check-in at the Dallas ICE office on April 14, 2026.  He is currently held in ICE custody at Diamondback Correctional Facility in Watonga, Oklahoma.

In the habeas petition, petitioner claims his detention violates the INA, its implementing regulations and the Fifth Amendment due process clause.  Petitioner requests a bond hearing under 8 U.S.C. § 1226(a), or alternatively, immediate release.  As ordered by the court, the federal respondents have responded to the petition, asserting that petitioner's detention, pursuant to 8 U.S.C. § 1225(b)(2)(A), is proper and request the court to deny the § 2241 petition.

The court concludes the habeas petition should be granted in part.  Respondents acknowledge the court's ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), and "understand the present case may be decided in similar fashion."  [Doc. #11, p. 2].  However, for the reasons stated in Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026), as well as the reasons stated in Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents urge the court to hold petitioner is properly held pursuant to § 1225(b)(2)(A) and dismiss petitioner's § 2241 petition.  Upon review, the court declines to reconsider its prior ruling in Ramirez Rojas v. Noem.  The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties.  However, the

court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[1] and the Courts of Appeals in Lopez-Campos v. Raycraft, ___ F.4th ___, 2026 WL 1283891, at **1-11 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Federal Detention Center Miami, ___ F.4th ___, 2026 WL 1243395, at **1-21 (11th Cir. May 6, 2026); Barbosa da Cunha v. Freden, 175 F.4th 61, 70-96 (2d Cir. 2026), among others.

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing. The court will therefore grant the habeas petition in part[2] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

---

[1] See *Lopez v. Corecivic Cimmaron Correctional Facility*, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); *Valdez v. Holt*, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Colin v. Holt*, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), *Escarcega v. Olson*, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).

[2] *In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's other claims.*

**IT IS SO ORDERED**.

Dated this 4th day of June, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE